UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-611(DSD/FLN)

Charles Wiggs and Judy Wiggs,

    Plaintiff,

v.        **ORDER**

Novartis Pharmaceuticals
Corporation

    Defendant.

    This action is one of many product-liability actions that have been filed in the District of Minnesota despite having no discernable connection to Minnesota. The face of the complaint reveals that plaintiff is not a citizen of Minnesota, no defendant is a citizen of Minnesota, no defendant is incorporated in Minnesota, no defendant maintains its principal place of business in Minnesota, no act giving rise to this action occurred in Minnesota and none of the alleged injuries for which plaintiff seeks to recover were suffered in Minnesota.

    It appears, then, that this case was filed in Minnesota only to attempt to take advantage of Minnesota's relatively generous statutes of limitations. See Minn. Stat. § 541.05 (providing six-year limitations period for negligence and fraud claims and four-year period for strict-liability claims); Minn. Stat. § 336.2-725 (providing four-year limitations period for warranty claims); see also Fleeger v. Wyeth, 771 N.W.2d 524, 525 (Minn. 2009) (holding

Minnesota's statute of limitations applicable to personal-injury claims arising before August 1, 2004, in cases properly commenced in Minnesota).

Transferring this case appears likely to promote the interests of justice and the convenience of the parties. Moreover, a transfer appears unlikely to prejudice any party. This case would remain in federal court and, if this case were properly filed in Minnesota, the same substantive law would apply after transfer. See Ferens v. John Deere Co., 494 U.S. 516, 523 (1990) (holding that § 1404(a) transfer does not change law applicable in diversity cases). The main effect of a transfer would be to put the parties in a forum that has some connection to the underlying dispute and is more convenient for the parties. For all of these reasons, the court orders the parties to brief the propriety of a transfer under § 1404(a).

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the parties must, within 30 days of this order, file briefs of no more than 6,000 words addressing the following questions:

1. Should the court transfer this action to another district under 28 U.S.C. § 1404(a)?
2. Assuming that the court decides that a transfer under

28 U.S.C. § 1404(a) is appropriate, to which district should this action be transferred?

Dated: March 28, 2014

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court